UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE MILLER** | **CIVIL ACTION NO. 6:14-cv-2410** |
| **LA. DOC #479248** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **MICHAEL HARSON, ET AL.** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 on July 31, 2014 by *pro se* plaintiff Dale Miller.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Miller names District Attorney Michael Harson, Lafayette Parish Clerk of Court Louis Perret and Fifteenth Judicial District Court Judge Patrick Michot as defendants.  In this action, Miller claims that the defendants have violated his Constitutional rights by refusing him access to the Court records of his trial and other related documents.

Plaintiff has applied to proceed *in forma pauperis*. [rec. doc. 2].  However, Title 28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The records of this Court establish that Miller, while a prisoner at either the Lafayette Parish Corrections Center or the Louisiana State Penitentiary, filed numerous civil rights actions, of which more than three were dismissed as frivolous, for failing to state a claim upon which relief may be granted, or as seeking monetary damages from defendants who are immune from suit as provided for by 28 U.S.C. §1915(e)(2)(B)(i),(ii), and (iii). *See Dale Robin Miller v. Thad Bedeaux, et al.*, Civil Action No. 6:02-cv-0809 at rec. doc. 30 (Judgment dismissing as frivolous on September 12, 2003); *Dale Robin Miller v. Lee Gallaspy, et al.*, Civil Action No. 6:03-cv-1944 at rec. doc. 6 (Judgment dismissing as frivolous and for failing to state a claim on January 14, 2004); *Dale Miller v. State of Louisiana*, et al., Civil Action no. 6:13-cv-0609 at rec. doc. 11 (Judgment dismissing for failing to state a claim).

Miller does not allege (nor do his pleadings remotely suggest) that he is under imminent danger of serious physical harm. To the contrary, this is yet another attempt by Miller to challenge, improperly, his Louisiana state court convictions and obtain copies of court records. Accordingly, Miller's permission to proceed *in forma pauperis* in this matter should be denied and, unless Miller pays this Court's full filing fee of $400.00 within fourteen (14) days of this Report and Recommendation, his lawsuit should be dismissed without prejudice. *Adepegba v. Hammons,* 103 F.3d 383, 386-87 (5th Cir. 1996); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462 (5th Cir. 1998). Therefore;

**IT IS RECOMMENDED** that permission to pursue this action *in forma pauperis* be **DENIED**, and unless Miller pays this Court's full filing fee of $400.00 within fourteen (14) days of this Report and Recommendation, Miller's civil rights action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**IT IS FURTHER RECOMMENDED** that pursuant to 28 U.S.C. § 1915(g), Dale Miller be barred from filing any future proceedings in this Court *in forma pauperis,* while incarcerated, unless he is in imminent danger of serious physical injury.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See,  *Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on October 20, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

3